IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES SANDERS, | § | |
| | § | |
| Defendant Below, | § | No. 71, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9312012607 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 6, 2018
Decided: March 15, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# **O R D E R**

This 15th day of March 2018, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     In 1994, Sanders was convicted of and sentenced for multiple crimes, including Robbery in the First Degree and Kidnapping in the Second Degree. This Court affirmed the Superior Court's judgment on direct appeal.[1]  Since that time, Sanders has filed a number of unsuccessful appeals and motions challenging his 1994 convictions.[2]  In June 2015, the Court directed the Clerk of the Court to refuse

---

[1] *Sanders v. State*, 1995 WL 264532 (Del. May 1, 1995).

[2] *See, e.g.*, *Sanders v. State*, 2015 WL 3766447, at *1 (Del. June 12, 2015) (affirming the Superior Court's denial of Sanders fifth and sixth motions for postconviction relief); *Sanders v. State*, 1999 WL 507240, at *1 (Del. June 9, 1999) (affirming the Superior Court's denial of Sanders' third motion for postconviction relief).

any filings from Sanders unless the filing was accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion was granted by the Court.[3]

(2) On February 9, 2018, Sanders filed a notice of appeal from a January 31, 2018 Superior Court order dismissing his tenth motion for postconviction relief and tenth amended motion for postconviction relief. The Senior Court Clerk issued a notice directing Sanders to explain the basis for his certifications, as required by this Court's June 12, 2015 order, that the claims he sought to raise have never been raised or disposed of before in any court and that he has no reason to believe the claims were foreclosed by controlling law. The notice also directed Sanders to show cause why this appeal should not be dismissed.

(3) In his response to the notice to show cause, Sanders states that there is no record of the June 12, 2015 order. This claim is without merit. Sanders repeats his certifications that the claims he sought to raise have never been raised or disposed of before in any court and that he has no reason to believe the claims were foreclosed by controlling law, but offers no explanation for the basis of those certifications. Having reviewed the January 31, 2018 Superior Court order, we conclude that the claims raised in Sanders' motions are procedurally barred and frivolous. Sanders

---

[3] *Sanders*, 2015 WL 3766447, at *2.

also falsely certified in his motion to proceed *in forma pauperis* that he never been found by any court to have abused the judicial process by filing frivolous or malicious litigation.[4]  Sanders' motion to proceed *in forma pauperis* is therefore denied and this appeal is dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *See, e.g., Sanders*, 2015 WL 3766447, at \*2 (finding Sanders' appeal of the Superior Court's denial of his fifth and sixth motions for postconviction relief frivolous and an abuse of the judicial process).  In August 2016, this Court reminded Sanders that he was enjoined from filing any future appeals or petitions relating to his 1994 convictions unless he first made the required certifications under 10 Del. C. § 8803(e) and was granted leave of the Court to proceed *in forma pauperis*. *Sanders v. State*, 2016 WL 4191923, at \*1 (Del. Aug. 1, 2016).